UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| VIRAF BHARUCHA, | ) | CIV. 09-5092-JLV |
| | ) | |
| Plaintiff, | ) | ORDER ON PLAINTIFF'S |
| | ) | MOTION FOR |
| vs. | ) | CLARIFICATION OF THE |
| | ) | SCHEDULING ORDER OR, |
| JEREMY HOLMES, | ) | IN THE ALTERNATIVE, FOR |
| | ) | CONTINUANCE |
| Defendant. | ) | |

Plaintiff Viraf Bharucha moves the court to clarify whether the December 30, 2009, scheduling order in this case requires him to provide expert reports from his treating medical care providers. (Docket 14). If so, Mr. Bharacha seeks to be excused from any such requirement. Id. In the alternative, Mr. Bharucha requests a continuance to allow him sufficient time to provide the reports. Id. at p. 2. Defendant Jeremy Holmes has informed the court he does not require expert reports from Mr. Bharucha's treating medical care providers.

The Federal Rules of Civil Procedure demand the formal designation of expert witnesses. Musser v. Gentiva Health Services, 356 F.3d 751, 757-58 (7th Cir. 2004). "Where a person's profession necessarily involves scientific, technical, or specialized knowledge–for example, because the person is a physician or an actuary–the line between 'expert' and 'lay' opinion may be

difficult to draw." Transamerica Life Ins. Co. v. Lincoln Nat. Life Ins. Co., 255 F.R.D. 645, 657 (N.D. Iowa 2009) (additional citations omitted). The Seventh Circuit in Musser provided an excellent discussion of the disclosure of witnesses under Federal Rule of Civil Procedure 26. See Musser, 356 F.3d at 756-758. "The Federal Rules of Civil Procedure divide potential witnesses into three categories for the purposes of disclosure." Id. at 756. The first category includes fact witnesses who are to be disclosed pursuant to Rule 26(a)(1)(A). Id. The second and third categories encompass those witnesses who are to give expert testimony. Id. "*[A]ll* witnesses who are to give expert testimony under the Federal Rules of Evidence must be disclosed under Rule 26(a)(2)(A)." Id. (emphasis in original). Expert testimony relies on " 'scientific, technical, or other specialized knowledge.' " Id. at 757 (quoting Fed. R. Evid. 702). "Thus, a treating doctor (or similarly situated witness) is providing expert testimony if the testimony consists of opinions based on 'scientific, technical, or other specialized knowledge' regardless of whether those opinions were formed during the scope of interaction with a party prior to litigation." Id. (additional citations omitted).

Under Rule 26(a)(2)(B), however, only those witnesses "retained or specially employed to provide expert testimony" must submit an expert report. Id. at 756-757. "The commentary to Rule 26 supports this textual distinction between retained experts and witnesses providing expert

2

testimony because of their involvement in the facts of the case: a 'treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.' " Id. at 757 (citing Fed. R. Civ. P. 26, cmt. 1993 Amendments, subdivision (a), para (2)).

The general premise is that treating physicians are not required to provide expert reports. See Fed. R. Civ. P. 26 advisory committee's notes to the 1993 amendments ("[T]his rule . . . continue[s] to use the term 'expert' to refer to those persons who will testify under Rule 702 of the Federal Rules of Evidence with respect to scientific, technical, or other specialized matters. The requirement of a written report . . . applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report."). The district court in Navrude v. United States (USPS), No. C.01-4039-PAZ, 2003 WL 356091 at *7 (N.D. Iowa, Feb. 11, 2003) provided a thorough and reasoned discussion of when treating physicians, who are identified as expert witnesses, are required to provide expert reports.

> The starting point for determining whether a treating physician is subject to Rule 26(a)(2)(B) disclosures is the first sentence of the Rule itself, which requires the detailed, written disclosures "with respect to a witness who is retained or specially employed to provide expert testimony." Courts draw a distinction between "hired guns" who examine a patient or a patient's records for purposes of litigation, and

3

treating physicians whose opinion testimony "is based upon their personal knowledge of the treatment of the patient and not information acquired from outside sources for the purpose of giving an opinion in anticipation of trial." A treating physician's opinions regarding causation, degree of permanent disability, and need for future medical care "are a necessary part of the treatment of the patient."

A key factor in determining whether a treating physician is subject to Rule 26(a)(2)(B) disclosures is "the scope of the proposed testimony." To the extent a treating physician "limits his or her testimony to the patient's care and treatment, the physician is not 'specially retained' despite the fact that the witness may offer opinion testimony under Fed. R. Evid. 702, 703, and 705." Thus, "a treating physician may testify about that which is related to and learned through actual treatment of the [patient], and which is based on his or her 'personal knowledge of the examination, diagnosis and treatment.'" The trial court has the discretion to limit or prohibit a treating physician's opinion testimony that goes beyond information obtained during the physician's care and treatment of the patient, or if the court determines the physician was retained specifically to develop opinion testimony. For example, if a treating physician asks to review medical records from another health care provider for the purpose of rendering opinion testimony, then the physician may be considered "specially retained," and therefore subject to the requirements of Rule 26(a)(2)(B), despite having also treated the patient. Similarly, if an attorney selects the physician who provides treatment for the patient, "it is presumed that the physician was selected for expert testimony." However, merely because a treating physician is paid for his or her time to testify does not make the physician a retained expert subject to Rule 26(a)(2)(B) disclosures.

Id. (internal citations omitted); see also Aberle v. Polaris Industries, Inc., No. CIV. 06-5057-KES, 2009 WL 1080648 at *2 (D.S.D. April 22, 2009) (slip copy) (the fact that an attorney suggested his client see a particular treating health care provider did not convert the provider into a retained expert); Garcia v. City of Springfield Police Department, 230 F.R.D. 247, 248-49 (D. Mass. 2005)

4

(reviewing case law from other circuits and finding "[t]he common rule . . . is that so long as the expert care-provider's testimony about causation and prognosis is based on personal knowledge and on observations obtained during the course of care and treatment, and he or she was not specially retained in connection with the litigation or for trial, a Rule 26 expert report is not necessary."); accord Christopher W. Dyer, Note, Treating Physicians: Fact Witnesses or Retained Expert Witnesses in Disguise?  Finding a Place for Treating Physician Opinions in the Iowa Discovery Rules, 48 Drake L. Rev. 719, 730-31 (2000) (reviewing, in part, federal courts' treatment of treating physicians as expert witnesses and finding only a "small minority of federal courts addressing the treating physician issue have held that treating physicians who have not presented the detailed report, as required of retained experts, are prevented from providing testimony regarding causation and prognosis.").

     Mr. Bharucha intends to call his treating medical care providers to testify as expert witnesses on the care and treatment they personally provided to him and their assessments and impressions formed during treatment.  (Docket 14 at p. 1).  Mr. Bharucha's expert witnesses may do so without providing reports

to defendant.[1]  See Aberle, 2009 WL 1080648 at *2 (setting the scope of testimony of plaintiff's treating psychologist who had been identified as an expert witness but had not provided an expert report–expert could testify as to the "nature and extent of the injury he observed and diagnosed, the treatment he rendered for that injury, the prognosis, and future care."); see also Owen v. United States, No. CIV. 07-4014-KES, 2008 WL 5122282 at *3 (D.S.D. Dec. 5, 2008) (court held treating physician who had been identified as an expert witness but had not prepared an expert report could testify as to "that which is related to and learned through actual treatment of the [patient], and which is based on his or her 'personal knowledge of the examination, diagnosis and treatment.' ") (citing Navrude, 2003 WL 356091 at *7); Doyle v. Graske, No. 7:05CV21, 2008 WL 824275 at *1 (D. Neb. March 20, 2008) (finding treating physician was not required to provide an expert report when giving expert testimony "upon matters encompassed in the ordinary care of a patient, including the cause of a medical condition, diagnosis, prognosis and extent of disability.").  Accordingly, it is hereby

ORDERED that Mr. Bharucha's motion (Docket 14) is granted in part and denied in part.  Mr. Bharucha need not disclose expert reports from his

---

[1] The court notes " '[a] treating physician's expert opinion on causation is subject to the same standards of scientific reliability that govern the expert opinions of physicians hired solely for purposes of litigation.' " Bland v. Verizon Wireless, (VAW) L.L.C., 538 F.3d 893, 897 (8th Cir. 2008) (quoting Turner v. Iowa Fire Equip. Co., 229 F.3d 1202, 1207 (8th Cir. 2000)).

treating medical care providers if they limit their testimony to the type described in this order. Hence, a continuance in this matter is not warranted.

Dated May 11, 2010.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE